IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

HUDSON INSURANCE COMPANY, )
)
    Plaintiff, )
)
v. ) Civil Action No. 7:18-cv-8
)
JOSEPH WAYLON MILLARD, ) By: Elizabeth K. Dillon
)     United States District Judge
    Defendant. )

**MEMORANDUM OPINION**

Pending before the court is a motion for default judgment filed by plaintiff Hudson Insurance Company. (Dkt. No. 11.) For the reasons set forth herein, the motion will be GRANTED.

I. BACKGROUND

In its complaint against Joseph Waylon Millard, Hudson Insurance Company seeks a declaratory judgment that it has no obligation to provide occupational accident insurance benefits to Millard under the relevant insurance policy. Hudson alleges that there is an actual controversy between the parties because Millard has demanded coverage under the policy. Millard's claim for benefits arose from an incident that occurred while he was making deliveries for Fleetgistics Holdings, Inc., a participating motor carrier under the occupational accident policy issued by Hudson.

Hudson avers that although Millard qualifies as insured under the policy, his claim for benefits fails because his injuries were the result of his aggression in a fight, not an accident, he was on a personal deviation when the incident occurred, and the policy excludes coverage for injuries resulting from the commission or attempted commission of a felony or illegal activity.

Hudson also asserts that the policy is void as related to this incident because Millard made misrepresentations to Hudson in the claims process. Thus, Hudson seeks a declaration that its policy does not provide coverage to Millard with regard to this incident. (Dkt. No. 1.)

Millard was properly served in this case, but he has not appeared or filed any documents. (Dkt. No. 8.) The Clerk entered default against Millard, and Hudson now moves for entry of default judgment. (Dkt. Nos. 10, 11.)

## II. DISCUSSION

Rule 55(a) allows entry of default by the clerk, which has already occurred here, and Rule 55(b) governs requests for default judgment. The court may grant a default judgment against a defendant who has been properly served and "fails 'to plead or otherwise defend' in accordance with the rules." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982); Fed. R. Civ. P. 55(b)(2). Pursuant to Rule 55(b)(2), the clerk may enter a default judgment where "the plaintiff's claim is for a sum certain or a sum that can be made certain by computation" and, "[i]n all other cases," the rule requires the party to apply to the court for a default judgment. While the Federal Rules of Civil Procedure encourage disposition of claims on their merits, it is within the trial court's discretion to enter default judgment. *Moradi*, 673 F.2d at 727 (citing *Reizakis v. Loy*, 490 F.2d 1132, 1135 (4th Cir. 1974)).

In determining whether to grant default judgment, the court treats the well-pleaded factual allegations in the complaint as true and established. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (citations omitted). The court must nonetheless "consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 2688 (3d ed. Supp. 2010); *Ryan*, 253 F.3d at 790. The

2
Case 7:18-cv-00008-EKD   Document 12   Filed 03/25/19   Page 2 of 6   Pageid#: 63

appropriate inquiry for the court is whether "the face of the pleadings supports the default judgment and the causes of action therein." *Anderson v. Found. for Advancement, Educ. and Emp't of Am. Indians*, No. 99-1508, 1999 WL 598860, at *1 (4th Cir. Aug. 10, 1999).

A party that requests default judgment must show the following: "(1) when and against what party the default was entered; (2) identification of the pleading to which default was entered; (3) whether the defaulting party is an infant or incompetent person; (4) that the defendant is not in military services; and (5) that notice has been served on the defaulting party, if required by Rule 55(b)(2)." *All Am. Ins. Co. v. Morris*, No. 4:11-cv-41, 2011 WL 5330302, at *1 (E.D. Va. Nov. 4, 2011).

Pursuant to the above standards, the court finds that default judgment is proper. Hudson has shown default was entered against Millard and when, and it has identified the pleading to which default was entered. Millard is not an infant, incompetent person, or in military services, and because he has not appeared, no notice was required to be served on Millard under Rule 55(b)(2). (Mot. for Default J., Dkt. No. 11.)

Although the Fourth Circuit has "declin[ed] to address the issue of whether a district court must satisfy itself, *sua sponte*, that it has personal jurisdiction before entering a default judgment," the court nonetheless notes that it has personal jurisdiction over Millard. *Williams v. Advertising Sex, LLC*, 410 F. App'x 578, 580 (4th Cir. 2011); *cf. Homesite Ins. Co. v. Stapleton*, No. 1:14-cv-199, 2014 WL 5107081, at *1 (E.D. Va. Oct. 3, 2014) ("The court must have . . . personal jurisdiction over a defaulting party before it can render default judgment."). Under Virginia's long-arm statute, a court may exercise personal jurisdiction over a non-resident defendant if the asserted cause of action arises out of the defendant's transaction of business in Virginia. *Consulting Eng'rs Corp. v. Geometric Ltd.*, 561 F.3d 273, 277 (4th Cir. 2009); Va.

3

Code § 8.01–328.1(A)(1). Further, Virginia's long-arm statute extends personal jurisdiction "to the extent permissible under the due process clause, [so] the statutory inquiry merges with the constitutional inquiry." *Consulting Eng'rs Corp.*, 561 F.3d at 277. Under the constitutional analysis, the court must consider "(1) the extent to which the defendant 'purposefully avail[ed]' itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally 'reasonable.'" *ALS Scan, Inc. v. Dig. Serv. Consultants, Inc.*, 293 F.3d 707, 712 (4th Cir. 2002).

Hudson's cause of action seeking declaratory relief arises out of Millard's transaction of business in Virginia—the incident for which Millard seeks compensation under the policy was a business transaction because he was making a delivery, the delivery was in Roanoke, Virginia, and Hudson avers that the policy benefits do not cover this incident in Virginia. *See Nan Ya Plastics Corp. U.S.A. v. DeSantis*, 377 S.E.2d 388, 391 (Va. 1989) (citing *Kolbe, Inc. v. Chromodern, Inc.*, 180 S.E.2d 664, 667 (Va. 1971) ("Because our statute speaks of transacting *any* business, it is a single-act statute requiring only one transaction in Virginia to confer jurisdiction on our courts.")). In addition, Millard purposefully availed himself of the forum state of Virginia, and the court's exercise of personal jurisdiction here is reasonable. He could reasonably anticipate being haled into court in Virginia because he reached into Virginia to conduct business. *See Consulting Eng'rs Corp.*, 561 F.3d at 278 (discussing how courts consider "whether the defendant reached into the forum state to solicit or initiate business" when determining whether a defendant has purposefully availed himself). Thus, there is personal jurisdiction over Millard.

Turning to Hudson's entitlement to relief, the court finds that the unchallenged facts here are sufficient to grant declaratory relief to Hudson. Hudson's complaint alleges that the underlying incident is not covered because it falls within a number of exclusions in the policy and that the policy is void. (Compl. 9–10, Dkt. No. 1.) The court concludes that the incident clearly falls within the first exclusion that excludes "aggression in a fight" from the definition of a covered "occupational accident." Thus, the court does not discuss the other two exclusions or Hudson's assertion that the policy is void.[1]

Hudson's policy is an occupational accident policy. Millard presented a claim under this policy for benefits arising out of an altercation with another driver during which Millard acted aggressively and discharged what the other driver believed to be a firearm at him or in his direction. Thereafter, Millard was injured when the other driver struck him with his vehicle while attempting to defend himself. *See King v. Cigna Corp.*, No. 06-cv-6203T, 2008 WL 795823, at *4 (W.D. N.Y. Mar. 24, 2008) ("It is well and long established in our nation's jurisprudence that where the insured is an aggressor in an altercation, and where the injuries received by the insured as a result of his actions were both subjectively and objectively foreseeable, the injuries sustained by the insured are not accidental, but indeed, are intentional, and are therefore excluded from coverage under a policy insuring accidental injuries."); *Ayers v. Continental Cas. Co.*, 955 F. Supp. 50, 53 (W.D. Va. 1996) (quoting *Tucker v. Life Ins. Co. of Va.*, 321 S.E.2d 78, 81 (Va. 1984) ("[I]f the insured voluntarily provokes or is the aggressor in an encounter, and knows, or under the circumstances should reasonable anticipate, that he will be in

---

[1] Hudson claims Millard's injuries fall within an exclusion for injuries arising out of a personal deviation, which is defined as "an activity that is not reasonably related to the Participant's business/Participant's activities; and not incidental to the performance of [the insured's] contractual obligations." Hudson also contends that the incident is excluded because the policy does not cover loss that results from the insured's felonious or illegal activity, and Millard engaged in illegal activity during this incident. Last, Hudson avers that the policy is void because Millard made misrepresentations in the claims process. (Compl. 4, 9–10.)

danger of death or great bodily harm as the natural or probable consequence of his act or course of action, his death or accident is not caused by an accident within the meaning of such a policy."))  However, Hudson's policy under which Millard sought coverage expressly states that "aggression in a fight" is excluded from the definition of "occupational accident" under the policy, and Millard's injuries were sustained as the result of his aggression in a fight with another driver.  In addition, Millard did not sustain his injuries due to an accident, but rather, due to his intentional actions.  Thus, Millard's claim arising out of this incident is excluded from coverage because it was both aggressive and non-accidental.  For this reason, the court finds that Hudson has no obligation to Millard for injuries he sustained in this incident under the policy.

## III.  CONCLUSION

For the foregoing reasons and based on a review of the complaint and motion for default judgment, the court finds that default judgment against Millard is proper.  Thus, by separate order, the court will grant a default judgment against Millard, declaring that the Hudson policy does not provide coverage to Millard in connection with his claims and injuries arising out of the incident.

Entered: March 25, 2019.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge